# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:25-cv-01220

**Haiying Liu,**
*Plaintiff,*
v.
**The Partnerships and Unincorporated Associations Identified in Schedule A,**
*Defendants.*

## ORDER

In this "Schedule A" case, plaintiff alleges that listed defendants infringe upon plaintiff's utility patent by selling and offering for sale a children's play toy on various online marketplaces. Plaintiff seeks an *ex parte* temporary restraining order restricting those marketplaces from disposing of any funds held for defendants' benefit.

Plaintiff has a Steve Miller Band argument: if defendants learn of this case without an asset freeze, they will take the money and run. That is a substantial concern, especially as to foreign manufacturers whose operations may be designed around limiting their exposure to U.S. remedies for infringement.

But as to utility patents, courts lack authority to issue injunctive relief preserving assets for a potential monetary remedy. The equitable authority of federal courts under the Judiciary Act of 1789 is limited to the remedies in use by equity courts at the time of that Act. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318 (1999). And although equitable relief may have been flexible, it did not include the power to freeze a defendant's assets at the outset of a suit simply to satisfy a potential final judgment for damages. *See id.* at 333 ("the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages").

That limitation controls here. The remedies for utility-patent infringement are strictly legal. After *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964), disgorgement and accounting are not available remedies for utility-patent infringement. *See, e.g.*, *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 673 (Fed. Cir. 1988) ("[P]atent infringement carries no remedy of an accounting for an infringer's profits."); *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1309 n.1 (Fed. Cir. 2013) (en banc) ("An infringer's profits are, of course, no longer an available remedy for the infringement of a utility patent."); *see also Hanover Prest-Paving Co. v. Tile Tech, Inc.*, No. 1:21-cv-00806, 2022 WL 1493568, at *5 (M.D. Pa. May 11, 2022) ("Disgorgement is not available as a remedy for patent infringement.").

Federal courts thus lack authority to freeze defendants' assets for future satisfaction of a potential judgment awarding damages for utility-patent infringement. *See Grupo Mexicano*, 527 U.S. at 321 (noting that "a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property"). Although an asset freeze by preliminary injunction may be an appropriate method to assure meaningful final *equitable* relief, such as an accounting or disgorgement of unjust enrichment, it is unavailable to secure funding for a damages judgment. *See Fed. Savings & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 560 (5th Cir. 1987) ("As a general rule, such an injunction [to freeze assets] is not permissible to secure post-judgment legal relief in the form of damages.").

* * *

Plaintiff also seeks an order temporarily restraining the third-party marketplaces (Amazon etc.) from advertising defendants' allegedly infringing products. As a threshold matter, courts generally "may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998); *see also Power-One, Inc. v. Artesyn Techs., Inc.*, No. 2:05-cv-

00463, 2008 WL 1746636, at *2 (E.D. Tex. Apr. 11, 2008), *aff'd*, 599 F.3d 1343 (Fed. Cir. 2010).

Further, Federal Rule of Civil Procedure 65(d)(2) provides that a TRO may bind "only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Plaintiff provides no justification for binding third parties here under Rule 65(d)(2). *See generally* Doc. 9.

Sister courts have expressed a multitude of concerns with issuing *ex parte* TROs binding parties not named in the case. *See*, *e.g.*, *Eicher Motors Ltd. v. Individuals Identified on Schedule A*, No. 1:22-cv-02458, 2022 WL 3081869, at *3 (N.D. Ill. Aug. 3, 2022) (holding that the facts at issue did not establish Amazon as the merchants' agent); *Jet Creations, Inc. v. Zhejiang Weilong Plastic Prods. Co.*, No. 1:24-cv-01340, 2024 WL 3200872, at *4 (D. Md. June 27, 2024) ("There is no allegation that the non-parties fall into any of the Rule 65(d)(2) categories."); *Active Creations LLC v. Beijing Jinwei Kangda Med. Instrument Ltd.*, No. 2:21-cv-00406, 2021 WL 5195087, at *4 (E.D. Va. July 27, 2021) ("Plaintiff provides no legal justification for the Court's authority to enjoin this non-party . . . ."); *Roman v. Spilman Thomas Battle, PLLC*, No. 7:23-cv-00749, 2024 WL 646391, at *1 (W.D. Va. Feb. 15, 2024) (collecting cases).

Before deciding on the remainder of the requested TRO, the court would benefit from further briefing on the concerns raised by those courts. If plaintiff wishes to continue with his *ex parte* motion, he is ordered to file supplemental briefing addressing those concerns within 28 days of this order.

Lastly, upon a cursory review, at least some of the accused online storefronts sell or can sell products other than those accused. The court seeks clarification from plaintiff whether the requested TRO would enjoin defendants from making *any* sales from the accused storefront or would only restrict sales to the

accused products. If the requested TRO would enjoin all sales, including sales of non-accused products, the court seeks briefing on what legal justification allows the court to enjoin defendants from making non-infringing sales out of the same storefront accused of making infringing sales.

* * *

Plaintiff's motion for an *ex parte* temporary restraining order is denied as to the request for an asset freeze. The remainder of the motion (Doc. 9) will remain pending conditional on plaintiff filing supplemental briefing as directed above within 28 days.

*So ordered by the court on March 9, 2026.*

J. CAMPBELL BARKER
United States District Judge