# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| THI NHO DANG (d/b/a "HAMIEW"),<br><br>*Plaintiff,*<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>*Defendants.* | ) | Civil Action No. 26-405<br><br>Hon. Michael J. Truncale |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND AN ORDER RESTRAINING THE TRANSFER OF ASSETS**

Before the Court is Plaintiff's motion for a temporary restraining order, an order restraining transfer of assets, and upon expiration of the temporary restraining order, a preliminary injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A (Dkt. #8) (collectively, the "Defendants"). Plaintiff filed its motion on April 27, 2026 (Dkt. #10). The motion is now ripe for review. Plaintiff also filed a Verification of Complaint (Dkt. #7) and an Affidavit of Patrick M. Jones (Dkt. #10-1) supporting the allegations set forth in the Complaint.

For the reasons set forth below, the motion is **GRANTED**.

## I. BACKGROUND

This is a copyright infringement case and, with respect to some but not all Defendants, a trademark infringement case. (Dkt. #1.) Plaintiff is the owner of the federally registered trademarks and copyrights identified in Exhibit A to the Complaint (collectively, the "IP"). (Dkt. #1-1.) The Copyrighted Works and the Mark are used by Plaintiff in connection with the design, marketing, and distribution of high-quality

goods defined in the Complaint as the Plaintiff's "Dietary Guides". (Dkt. #1, at ¶9.)

Plaintiff alleges that it has extensively used, advertised, and promoted the Copyrighted Works and the Mark in the United States, and has carefully monitored and policed the use of the IP. *Id.*, at ¶¶11-13, 17-18. As a result of Plaintiff's efforts, Plaintiff alleges that the IP has acquired a favorable reputation, goodwill, and an amount of fame in the consumer market, especially among individuals suffering from diabetes and other health conditions that often go underserved. *Id.*, at ¶¶11-12.

On these facts, Plaintiff brings a claim for copyright infringement under 17 U.S.C. § 501. *Id.*, at 37-48. Plaintiff files the present motion to obtain a temporary restraining order that prevents Defendants from displaying the Copyrighted Works on webstores and e-commerce platforms and restricts their ability to transfer assets. *Id.*, at pp. 15-17.

## II. LEGAL STANDARD

The standard for issuance of an *ex parte* temporary restraining order has both procedural and substantive elements. Procedurally, the Court has the authority to issue an *ex parte* restraining order where (i) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (ii) "the movant's attorney certifies in writing any efforts made to give notice and why it should not be required." FED. R. CIV. P. 65(b)(1)(A)-(B).

As to the substantive requirement, courts apply the same standard for temporary restraining orders as they do for preliminary injunctions. A party requesting a temporary restraining order must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.

## III. DISCUSSION

### A. Procedural Requirements of Rule 65(b)(1)

Plaintiff has satisfied the procedural requirements for a temporary restraining order in this case. First, Plaintiff presents the Verification of Complaint signed by the owner of the Copyrighted Works, and the affidavit of Patrick M. Jones (the "Jones Aff.") to show that Plaintiff will suffer irreparable harm absent a temporary restraining order. (Dkt. #10-1) The Complaint alleges that Plaintiff's products have accumulated substantial consumer goodwill. (Dkt. #1, at 13.) From his own investigations, Jones confirmed that 57 infringers (i.e., the Defendants) have marketed, advertised, and sold products using the Copyrighted Works (the "Counterfeit Guides"). *See* Jones Aff., at ¶5. Defendants' products are priced lower than Plaintiff's products and are of inferior quality. (Dkt. #1, at ¶24.) Plaintiff alleges that the Defendants' sales of Counterfeit Guides are also doing irreparable damage to Plaintiff's reputation and goodwill. *Id.*, at ¶45. The Jones Aff. states that it is crucial to restrain Defendants' assets to prevent dissipation and other bad faith conduct which Defendants would commit upon receiving notice of the suit. (Dkt. #10-1, ¶14.)

Plaintiff cannot give notice to Defendants because the email addresses they use to operate and withdraw money from the infringing webstores are either not publicly available. Joneds Aff. ¶¶15-16. Additionally, Plaintiff explains that notice should not be required in this instance because Defendants are highly likely to transfer data, content, products, and financial assets to other webstores and accounts if they find out about these proceedings before the relief requested in Plaintiff's Motion is granted. (Dkt. #1, at ¶34.) Jones states that he is experienced in handling international infringement claims on behalf of plaintiffs and defendants, and that in his experience defendants dispose of funds and hide infringing materials upon receiving notice of suits. (Dkt. #10-1, at ¶¶8-9, 14.) The allegations set forth in the Complaint, supported by the Verification of Complaint and the Jones Aff. convinces the Court that notice to the defendant would render fruitless further prosecution of the action.

The Court concludes that Plaintiff has satisfied Rule 65(b)(1)'s procedural requirements.

**B. Substantive Requirements of Rule 65(b)(1)**

Plaintiff has also satisfied the substantive requirements of Rule 65(b)(1). A plaintiff is likely to succeed on a copyright infringement claim if it establishes: (1) ownership in a valid copyright and (2) copying by the defendant. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1007–08 (5th Cir. 1991) ("To establish 'ownership,' the plaintiff must prove that the material is original, that it can be copyrighted, and that [the plaintiff] has complied with statutory formalities."). Copying can be proven through direct evidence of copying or through circumstantial evidence demonstrating that the defendant had access to the copyrighted work and that the works are "probatively" similar. *Gen. Univ. Sys., Inc. v. Lee*, 379 F.3d 131, 141–42 (5th Cir. 2004). Access need not be shown where "the two works are so strikingly similar as to preclude the possibility of independent creation." *Id.*, at p.142.

As shown by the registrations with the U.S. Copyright Office, the Copyrighted Works are wholly original and proprietary to Plaintiff. (Dkt. #1, at ¶13-14.) Plaintiff never gave Defendants permission to use the Copyrighted Works. Plaintiff has created and marketed its Dietary Guides at least as early as May 2025, circumstantially establishing Defendants' access to the media. Further, from a basic side-by-side comparison, a layman would gather that the Copyrighted Works and Defendants' advertisements and their Counterfeit Guides is not only probatively similar, but substantially similar. *See* (Dkt. #8) (Evidence of Infringement). Plaintiff has documented, and presented to the Court, dozens of infringements by the Defendants. *Id.* For these reasons, Plainitff is likely to succeed on the merits of its copyright infringement claim.

Courts in this circuit have found that "[w]hen a plaintiff seeks an injunction under the Copyright Act, the plaintiff establishes a rebuttable presumption of irreparable harm when the plaintiff shows that a valid copyright has been infringed." *MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g*, No. CIV.A.4:04-CV-445-Y, 2004 WL 2187143, at *2 (N.D. Tex. Sept. 28, 2004) (citing *Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979)). Further, where a plaintiff proves a substantial likelihood of success on the merits of a copyright infringement claim, "a [temporary restraining

order] should not be denied simply because plaintiffs can recover monetary damages[.]" *Olan Mills, Inc. v. Eckerd Drug of Tex., Inc.*, No. CA3-88-0333-D, 1988 WL 161314, at *2 (N.D. Tex. Dec. 14, 1998) (Fitzwater, J.).

Defendants' infringing use of the Copyright Media has and continues to irreparably harm Plaintiff by depriving it of the ability to control use and licensing of the media and by preventing Plaintiff from enjoying the exclusive rights conferred by the Copyright Act. *See* 17 U.S.C. §106. Such loss of control over the Copyrighted Works is neither calculable nor precisely compensable, thus warranting an immediate halt to Defendants' infringing activities. Further, Plaintiff has established a rebuttable presumption of irreparable harm by virtue of demonstrating a likelihood of success on the merits. As such, Plaintiff has satisfied the "irreparable harm" factor.

Courts in this circuit have found for over 25 years that the balance of hardship supports protecting a plaintiff's copyright. *See, e.g., Olan Mills, Inc.*, 1988 WL 161314, at *3; *see also Worlds of Wonder, Inc. v. Veritel Learning Sys., Inc.*, 658 F. Supp. 351, 357 (N.D. Tex. 1986). Plaintiff is entitled to protect the integrity of its intellectual property and its Copyrighted Works, and it continues to suffer hardship as long as Defendants are using, reproducing, and displaying the Copyrighted Works. As infringers, Defendants are entitled to little equitable consideration, for the only hardship they would face would be to simply cease their infringing conduct. Thus, the balance of equities tips decisively in Plaintiff's favor.

There is a public interest in preserving rights provided by federal copyright law. *Lakedreams*, 932 F.2d at 1110. Further, courts in this district have found that the public interest "is always served by requiring compliance with Congressional statutes . . . and by enjoining [infringement]." *Gibson Brands, Inc. v. Armadillo Distribution Enters., Inc.*, No. 4:19-CV-358, 2022 WL 3008501, at *4 (E.D. Tex. July 28, 2022) (Mazzant, J.) (citation omitted). The public interest factor thus also weighs in favor of an injunction because the public interest—and the Copyright Act itself—would be undermined if Defendants' infringing conduct is allowed to persist. Restraining Defendants will therefore advance the

public interest by protecting copyrighted works and preserving the integrity of the Copyright Act.

### C. Plaintiff's Specific Requests

Having run through the procedural and substantive requirements for a temporary restraining order, the Court also finds that Plaintiff's specific requests (regarding what is to be restrained) are appropriate.

An Order restraining Defendants from reproducing or displaying the Copyrighted Works would halt the ongoing economic and reputational harm to Plaintiff. This request is all the more urgent since Defendants operate on an international scale. An asset freeze is also justified here. On information and belief, Defendants hold most of their assets in China. (Dkt. #8) (Schedule A). An asset restraining order is crucial to maintain the *status quo* and protect Plaintiff's right to an equitable accounting (or disgorgement). *See Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007)

## IV. CONCLUSION

For the reasons stated above, Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, Preliminary Injunction, and an Order Restraining the Transfer of Assets (Dkt. #10) is hereby **GRANTED**.

It is therefore **ORDERED** that

1. Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be temporarily restrained from:

a. Using, reproducing, displaying, or enabling others to use, reproduce, or display any copies or derivative works based on Plaintiff's copyrighted works, including, without limitation, the photographs and video appearing in (Dkt. #1-1), other imitations of Plaintiff's Copyrighted Works, or works that otherwise infringe on Plaintiff's copyright or trademark registrations in the Copyrighted Works and the Mark;

b. Moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Amazon, eBay, Walmart, and TikTok;

c. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of the Copyrighted Works or the Mark; and

d. Engaging in any other activity that infringes on Plaintiff's rights in any manner.

2. Each Defendant, within 14 days after receiving notice of this Order, shall serve on Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; and (c) the steps taken by each Defendant to comply with paragraphs 1(a)–(d) above.

3. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained from transferring, disposing of, or secreting any money, stocks, or other assets of Defendants until further ordered by this Court.

4. All Marketplaces and their affiliates are ordered to, within two (2) business days of receipt of this Order, locate all accounts and funds connected to the Defendants identified on Schedule A and block all money transfers and funds from being transferred by such Defendants until further ordered by this Court.

5. This Order shall apply to the Infringing Webstores, websites, and any other domain names properly brought to this Court's attention and verified by sworn declaration that verifies such new webstores or domain names are being used by Defendants for the purpose of infringing Plaintiff's copyright and trademark registrations identified in the Complaint.

6. Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served on the attorneys for Plaintiff by delivering copies thereof to the offices of PMJ PLLC, 7508 South 76th Drive, Phoenix, AZ 85339, no less than two (2) days in advance of the hearing to show cause, with any reply by Plaintiff to be filed and served at the hearing.

This Temporary Restraining Order without notice shall remain in effect until fourteen (14) days from the date of this Order. No bond shall be required to be posted by Plaintiff. It is further ORDERED

that a Preliminary Injunction/Evidentiary Hearing is set before this Honorable Court on ___________, 2026 at ________ a.m. in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas.

SIGNED this ______ day of ______, 2026.

____________________________________