IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THI NHO DANG. (d/b/a "HAMIEW"), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00405 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| THE INDIVIDUALS, PARTNERSHIPS | § | |
| AND UNINCORPORATED | § | |
| ASSOCIATIONS IDENTIFIED ON | § | |
| SCHEDULE A, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS VIA EMAIL

Before the Court is Plaintiff Thi Nho Dang (d/b/a/ "HAMIEW") ("Dang" or "Plaintiff")'s *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants via Email (the "Motion"). [Dkt. 15]. Plaintiff files the present motion requesting the Court allow alternative service on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3). After a thorough review of the Motion, the record, including Plaintiff's brief, relevant facts, and applicable law, the Court **GRANTS** Plaintiff's Motion.

## I.   BACKGROUND

Dang is an individual in Thai Binh, Vietnam. [Dkt. 1 at ¶ 9]. Dang is the owner of all rights, title, and interest in intellectual property supporting the HAMIEW brand. *Id.* This case concerns HAMIEW's dietary guides. *Id.*

Defendants are an unknown number of Sellers identified by the Seller Names and store URLs operating on online marketplace platforms as listed in Schedule "A" to the Complaint (collectively, the "Defendants"). At this time, prior to discovery taken from the online platforms, Plaintiff's knowledge of the location of Defendants is limited to information and belief that each Defendant resides in, or operates from, outside the United States based upon the data provided in connection with Defendants'

Internet based e-commerce stores and websites as well as the terms of service version associated with each Seller.  [Dkt. 15 at 2].

## II.  LEGAL STANDARD

### A.  Federal Rules of Civil Procedure

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations such as Defendants. *See generally* Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted in any manner prescribed by Rule 4(f) for serving an individual except for personal delivery under Rule (4)(f)(2)(C)(i).

According to Rule 4(f), service on a foreign defendant must comply with one of three provisions. *See* Fed. R. Civ. P. 4(f). Rule 4(f)(1) states that service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(2) provides several methods of service to an individual in a country when there is no applicable international agreement. Rule 4(f)(3) permits a party to use an alternative method of service if the party obtains permission of the court and the method is not otherwise prohibited by international agreement. *Id.*

So long as the method of service is not prohibited by international agreement, this Court has considerable discretion to authorize an alternative means of service. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id*.; *see also Rio Props.,* 284 F.3d at 1014. Notwithstanding, "principles of comity encourage the court to insist, as a matter of discretion, that a

plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Midmark Corp. v. Janak Healthcare Priv. Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014).

Rule 4(h)(2) provides for service on a foreign corporation outside the United States "in any manner prescribed by Rule 4(f) regarding service on an individual. *See* FED. R. CIV. P. 4(h)(2). Also, Federal Rule of Civil Procedure 4(f)(3) allows the court to authorize service on a foreign individual "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). When a method of service is not prohibited by international agreement, courts have considerable discretion whether to allow alternative methods of service. *Monolithic Power Systems, Inc. v. Meraki Integrated Circuit Technology, LTD.*, No. 6:20- CV-00876-ADA, 2021 WL 4974040 (N.D. Tex. Oct. 25, 2021). Further, service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." *Id.* at 1.

### B.  The Hague Convention

When serving a foreign defendant, the Federal Rules of Civil Procedure allow service "not within any judicial district of the United States [ ] by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f).

The International Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") is an international treaty governing the service abroad of foreign defendants. T.I.A.S. No. 6638 (Feb. 10, 1969). Direct "service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537 (5th Cir. 1990); *Volkswagenwerk AG. v. Schlunk*, 486 U.S. 694 (1988) ("The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service."). Additionally, "the Hague Convention does not apply when a defendant's address is unknown." *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) (*citing* Hague Convention, Article

1 ("This convention shall not apply where the address of the person to be served with the document is not known.")).

### C. The Federal Rules of Civil Procedure Do Not Require a Hague Service Attempt Before Granting Leave for Alternative Service

The Federal Rules of Civil Procedure do not require a party to attempt service under the Hague Convention as a prerequisite to requesting alternative service under Rule 4(f)(3), and the U.S. Supreme Court denied certiorari on this issue. *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238 (Fed. Cir. 2010) ("numerous courts have found alternate service methods appropriate without a prior attempt to serve through the Hague Convention....This court holds that the district court erred in requiring service of [Defendant] under the Hague Service Convention."), *cert. denied*, 564 U.S. 1053 (2011). "Service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service other means." *Viahart, L.L.C. v. GangPeng*, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (*citing Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)); *see also Rio*, 284 F.3d at 1015. "[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., L.L.C. v. Nissan N. Am. Inc.*, No. 13-cv-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

### D. Courts Impose Typical Requirements or a Showing of Special Circumstances Before Granting Alternative Service

So long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service. *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (citing *Rio*, 284 F.3d at 1014 (9th Cir. 2002)).

When exercising its discretion, the Court typically looks to "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means." *WSOU Investments, LLC v. ZTE Corporation*, No. 6:22-cv-136, 2022 WL 3108557, at *3

4

(W.D. Tex. Aug. 4, 2022). However, it is also typical that Plaintiff will have knowledge of the foreign Defendant's place of business. *See e.g. Kortek Industries Pty Ltd. v. Chengdu Meross Technology Co., Ltd.*, No. 6:22-cv-00490, 2022 WL 4227268, at *1 (W.D. Tex. Sept. 13, 2022) (defendant "is a limited liability company organized and existing under the laws of the People's Republic of China, with a principal place of business in China"); *Zanoprima Lifesciences, Ltd. v. Hangsen International Group Ltd.*, No. 6:22-cv-00268-ADA, 2022 WL 1229290, at *1 (W.D. Tex. April 5, 2022) (defendant "is a Chinese corporation with principal places of business in Hong Kong and Shenzen"); *Guangzhou Jinli Electronic Co.*, at *1 (defendant "is a Chinese company that, according to Plaintiff, is based in Shenzhen, China").

In special circumstances, the Court will grant leave to effect alternative service without first requiring an attempt to serve defendants through other, conventional means. "Example justifications include war, futility, urgency, and actual delay, but not expected inconvenience." *WSOU Investments*, 2022 WL 3108557, at *5.

### III.  DISCUSSION

Plaintiff seeks permission to effect alternative service on Defendants by e-mailing Defendants copies of the Complaint, Summons, and sealed temporary restraining order as well as the URL to a website ("Plaintiff's Serving Notice Website") through which Plaintiff will provide copies of all filings in this action, sealed and unsealed. [*See* Dkt. 15 at 2]. Plaintiff would e-mail these services documents as well as the URL to Plaintiff's Serving Notice Website to Defendants.

#### A.  Applicable Standard

The authority in Section II above establishes that alternative service provided by Rule 4(f)(3) always remains an alternative method of service that stands on equal footing with other forms of service; neither is a prerequisite of the other. This Court has discretion but does not automatically grant leave to effect alternative service in every case. This Court requires parties to either show that they have made a reasonable effort at attempt convention service or to show that special circumstances

justify alternative service. In cases involving a foreign defendant in a Hague Convention member country, the plaintiff should (1) reasonably attempt to follow the Hague Convention before requesting alternative service or (2) show that a special circumstance justifies granting alternative service.

### B. Special Circumstances Justify Alternative Service

Although Plaintiff has not yet attempted service by traditional means, special circumstances of likely futility and urgency justify the Court's granting Plaintiff's request for alternative service. First, Defendants' physical addresses are unknown rendering traditional service presently impossible under the Hague Convention. At the same time, their email addresses are known; any physical addresses are likely to be unreliable or at least significantly less reliable than the email addresses provided to the online platforms through which Defendants have authorized to conduct business and for the platforms to provide notice.

Second, Plaintiff has also moved for an *ex parte* temporary restraining order. Temporary restraining orders must not exceed 14 days unless a court, for good cause, extends it for a like period or the adverse party consents to a longer extension. *See* Fed. R. Civ. P. 65(b). Service under the Hague Convention is notoriously slow, frequently resulting in delays of months, sometimes years. *See WSOU Investments*, 2022 WL 3108557, at *5 (finding an expected delay of 18 months to serve a Chinese defendant under the Hague Convention); *see also China-Central Authority & Practical Information*, HAGUE          CONF.          ON          PRIVATE          INTER.          L., https://www.hcch.net/en/states/authorities/details3/?aid=243 (last visited May 4, 2026) ("Time for execution of request: Around 6 months"). Service under the Hague Convention, if possible, would well exceed 14 days plus any extension for "a like period" under Rule 45. As a practical matter, Plaintiff still needs to obtain Defendants' registered email and physical addresses through early discovery from the third-party online platforms. Third parties must be afforded a reasonable time to comply with Plaintiff's subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Thus, Plaintiff is already under a tight schedule to effect service by email yet alone traditionally through the Hague Convention.

Conversely, granting the temporary restraining order while permitting a several month delay to attempt traditional service contravenes Rule 65's requirement for courts to quickly dissolve an *ex parte* temporary restraining order. Such a delay would also be against Defendants' interest to be quickly notified of this Court's Order. Although the Court typically requires Plaintiff to at least attempt service through the Hague Convention, departure from this requirement is particularly warranted in view of the Fifth Circuit's past affirmance of service by email in *Viahart* in a similar anti-counterfeiting action against approximately 50 foreign defendants operating through online marketplaces. *See Viahart,* 2022 WL 445161.

### C.  The Proposed Alternative Service Comports with Due Process

Constitutional due process considerations require that an alternative method of service  be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff requests leave to effect alternative service under Rule(4)(f)(3) to serve Defendants by emailing their email addresses registered to the third- party marketplace platforms. Under similar circumstances, Courts frequently hold that service by electronic means is reasonably calculated to notify the Defendants. *See e.g. Viahart*, 2022 WL 445161, at *3 (affirming email service was reasonably calculated to notify defendants selling counterfeit products through online marketplaces); *Sino Star Global Ltd. v. Shenzhen Haoqing Technology Co., Ltd.*, 2023 WL 2759765, at *2 (E.D. Tex. April 3, 2023) (agreeing with *Viahart*); *DirectTV, LLC v. WNK Associates, Inc.*, 2023 WL 2025039, at *3 (E.D. Tex. Feb. 15, 2023) (permitting service through direct messaging defendant's social media accounts); *Clarity Sports International, LLC v. Redland Sports*, 2021 WL 228896, at *3 (E.D. Mich. Jan. 22, 2021) (Service of process by email is reasonably calculated to give notice "[i]n cases where Defendants have conducted business online, via email, or other electronic means"); *Chanel, Inc. v. Zhibing*,  2010 WL 1009981, at *4 (W.D. Tenn. Mar. 17, 2020) ("effecting service on e-commerce merchants and their preferred e-mail addresses" had "greatest likelihood of

generating a response from the served parties."). The Court agrees that the most reasonably calculated means to notify Defendants of this action is for Plaintiff to email Defendants' email addresses registered with the online marketplace platforms through which Defendants are alleged to be committing their infringing conduct.

## IV.  CONCLUSION

Plaintiff's motion for alternative service is **GRANTED**. Pursuant to Rule 4(f)(3), the Plaintiff is permitted to serve the Summons, Complaint, including notice of this Order, and filings in this matter upon each Defendants in this action:

1.  via e-mail by providing the address to the Plaintiff's designated serving notice website to the Defendants via the e-mail accounts provided by that Defendant as part of the data related to its website or e-commerce store, including customer service e-mail addresses and onsite contact forms, or via the e-commerce marketplace platform for each of the e-commerce stores. *See* Schedule "A" attached to the Plaintiff's Complaint, which lists the Defendants' Seller IDs and associated e-commerce marketplace platform; and

2.  via website posting by posting copies of the Summonses, Complaint, and all filings and discovery in this matter on the Plaintiff's Website.

**SIGNED this 4th day of May, 2026.**

Michael J. Truncale
United States District Judge

8