# EXHIBIT A

**Proposed Memorandum Order of Final Judgment**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

THI NHO DANG (d/b/a "HAMIEW"),

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

        Defendants.

Civil Action No. 4:26-cv-00405-MJT

Hon. Michael J. Truncale

## MEMORANUM ORDER GRANTING FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court upon Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction (Dkt. 58, the "Motion"), filed on July 17, 2026. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is **GRANTED**.

## STATEMENT OF ISSUES

The issue before this Court is whether Plaintiff's well-pleaded allegations of fact in its Complaint (Dkt. 1) entitle Plaintiff to default judgment against the Defaulting Defendants as to Plaintiff's allegations of copyright and, in some instances, trademark infringement pursuant to 17 U.S.C. §501 and 17 U.S.C. 1107(c), respectively.

## PROCEDURAL BACKGROUND

Thi Nho Dang (d/b/a "HAMIEW") (the "Plaintiff") initiated the above-styled lawsuit on April 20, 2026 (Dkt. 1) against the Defendants listed in Schedule A (Dkt. 8) to the Complaint (the "Defendants"), seeking relief against Defendants for copyright and, in some instances, trademark

infringement through their promotion, advertising, marketing, distribution, offering for sale, and sale of products using Plaintiff's registered copyrighted materials (the "Copyrighted Works") and, in some instances, Plaintiff's registered trademark ("HAMIEW") (the "Trademark" and, collectively with the Copyrighted Works, the "IP") via online stores (the "Infringing Webstores") Amazon, Walmart, eBay and TikTok (the "Marketplaces").

Plaintiff attested that Plaintiff sought discovery from the Marketplaces immediately upon issuance of the TRO (Dkt. 11, the "TRO") in an attempt to properly identify each of the Defendants, and that Plaintiff thereafter incorporated the information provided by the Marketplaces into its requested Joint Summons (Dkt. #32) issued by the Clerk for service on Defendants. Following an evidentiary hearing, the Court issued a preliminary injunction on May 26, 2026 (Dkt. 40) – extending the relief ordered in the TRO.

Plaintiff also filed its Motion for Alternative Service of Process on May 1, 2026. (Dkt. 15) requesting authorization to pursuant to Federal Rule of Civil Procedure 4(f)(3) to serve Defendants by email. The Court granted Plaintiff's Motion for Alternative Service of Process on May 4, 2026 (Dkt. 16).

Plaintiff has provided Proof of Service to the Court (Dkt. 42), stating that Plaintiff's counsel directed the service each of the remaining Defendants (that had not entered into settlement agreements or been dismissed) on May 14, 2026 via email pursuant to the Court's order granting service by email (Dkt. 16). The Joint Summons provided the Defendants with twenty-one (21) days to June 4, 2026 to respond to the Complaint.

Plaintiff further states that none of the Defaulting Defendants filed a responsive pleading prior to the June 4, 2026 deadline. Plaintiff filed its Request for Clerk's Entry of Default on the Clerk thereafter entered default against the Defaulting Defendants on June 16, 2026. (Dkt. 30.)

Plaintiff further states that, after the entry of the Clerk's Entry of Default, Plaintiff reached settlements and voluntarily dismissed multiple Defendants, and Def. #37 HATONE filed an appearance. Plaintiff has not included these Defendants in the Revised Schedule A, and is not seeking to bind those Defendants by the relief requested herein.

## STATEMENT OF FACTS BACKGROUND

Plaintiff stated that is engaged in the business of designing, manufacturing, distributing, and retailing dietary guides, specifically designed for individuals with dietary restrictions, e.g. diabetes (the "Dietary Guides"), exclusively through Plaintiff's Amazon webstores. The Registrations indicate that Plaintiff is the owner of all right, title, and interest in and to U.S. Copyright Registration No. VAu 1-567-917 and Trademark Registration No. 7596000 (the "Registrations") (Dkt. 1-1).

Plaintiff alleged that Plaintiff has expended considerable resources advertising, marketing, and promoting the Dietary Guides which has resulted in substantial sales and goodwill for the HAMIEW brand.  (Dkt. 1, at ¶18). At some point prior to file the Complaint, Plaintiff discovered that Defendants were using Infringing Webstores that incorporated the Plaintiff's IP and targeting consumers located in the United States, including the State of Texas. *Id.*, at ¶23. Prior to filing the Complaint, Plaintiff stated that Plaintiff and its counsel confirmed that Defendants were offering the Products for sale to U.S. and Texas residents. *Id.*, at ¶23; Affidavit of Patrick M. Jones (Dkt. 10-1), at ¶¶5-8. Plaintiff alleged that the Defendants and the Infringing Webstores do not conduct business with Plaintiff and do not have the right or authority to use, reproduce, or display the Copyright Works or the Trademark in any manner whatsoever. (Dkt. 1, at ¶22).

Plaintiff alleged that Defendants' infringing activities are depriving Plaintiff of the

ability to control use and licensing of its IP, and are preventing Plaintiff from enjoying the exclusive rights conferred by the Copyright Act. 17 U.S.C. §106. *Id.*, at ¶24. According to Plaintiff, such loss of control over the IP is neither calculable nor precisely compensable. *Id.*, at ¶35, 36. Given the online nature of Defendants' commercial activities, Plaintiff alleged, Defendants have substantially benefitted from their unlawful tactics and infringement of the IP to profit from the sale of the Dietary Guides. *Id.*, at ¶31. Plaintiff alleged that the willfully infringing and deceptive tactics used by the Defaulting Defendants to conceal their identities and the full scope of their infringing operations make it virtually impossible for Plaintiff to learn the true extent of the Defaulting Defendants' actions. *Id.*, at ¶32. Plaintiff therefore seeks to enforce its rights and recover from the Defaulting Defendants.

## LEGAL ANALYSIS

### I.    Jurisdiction and Venue are Proper in this Court.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338, and because at least one of the claims against each of the Defaulting Defendants arises under the Copyright Act, 17 U.S.C. §§101 *et seq*.

This Court has personal jurisdiction over Defendants because each Defendant has, through one or more fully interactive commercial Internet websites, pursued sales from Texas residents by offering shipping to Texas and has induced sales of Products to residents of Texas by wrongfully reproducing and displaying Plaintiff's proprietary IP. (Dkt. 10-1, ¶¶6-8).

This Court also has personal jurisdiction over Defendants because Plaintiff's claims arise under federal law; the Defendants are, on information and belief, not subject to jurisdiction in any state's courts of general jurisdiction; and exercise of such jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).[1] Personal jurisdiction is thus also proper

2

pursuant to Rule 4(k)(2) because each of the Defendants directs its activities at residents of the United States and the State of Texas.

Venue is proper in this District pursuant to 28 U.S.C. §1391. Defendants are entities or individuals subject to personal jurisdiction in this District, and Defendants not residing in the United States may be sued in any judicial district.

## II.    Plaintiff has Satisfied the Requirements for Default Judgment.

Federal Rule of Civil Procedure 55 governs the procedural requirements related to the entry of default judgment. Although default judgments are generally disfavored, the policy against default judgments is "counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015). A default judgment is appropriate "when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations, assumed to be true. *Wooten*, 788 F.3d at 496.

Plaintiff served each of the Defaulting Defendants on May 14, 2026. (Dkt. 42, at ¶2). More than 21 days have passed since the Defaulting Defendants were served, and no answer has been filed. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate. Plaintiff is awarded statutory damages as authorized by 17 U.S.C. §504(c)(2) for copyright  infringement against each of the Defaulting Defendants in the  amount of $30,000 and, as indicated on the revised Schedule A attached hereto, for trademark infringement in the amount of $200,000 for each

of the Defaulting Defendants who also misused the Plaintiff's Trademark as authorized by 15 U.S. Code §1117 of the Lanham Act.

Plaintiff is also awarded its reasonable attorneys' fees and full costs pursuant to 17 U.S.C. §505. Plaintiff further seeks entry of a permanent injunction pursuant to 17 U.S.C. §502 prohibiting the Defaulting Defendants from continuing to use the Copyrighted Works and, in certain instances, the Trademark, and an Order that all assets in the Defaulting Defendants' U.S.-based online Marketplace accounts, including but not limited to Amazon, eBay, TikTok, Walmart, and PayPal, as well as any newly discovered assets, be transferred to Plaintiff.

### A.    Copyright Infringement (applicable to all Defaulting Defendants)

The Copyright Act affords a copyright owner the exclusive rights to authorize and do the following: (1) reproduce the copyrighted work in copies; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work to the public; (4) perform the copyrighted work publicly; (5) display the copyrighted work publicly; and (6) for sound recordings, perform the copyrighted work publicly by digital transmission. 17 U.S.C. §106. A violation of these rights constitutes an infringement of the owner's copyright. 17 U.S.C. §501. A plaintiff must generally prove two elements to establish copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017), (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

### i.    Plaintiff owns valid copyright in the Registrations.

The first prong, ownership of a valid copyright, extends only to copyrightable subject matter, which the Copyright Act defines as (1) original (2) works of authorship (3) fixed in any tangible medium of expression." *See* 17 U.S.C. § 102(a); *see also Star Athletica, L.L.C. v. Varsity*

*Brands, Inc.*, 137 S. Ct. 1002, 1008 (2017). The originality requirement "is not particularly stringent." *Feist Publ'ns, Inc.*, 499 U.S. at 358. It is generally accepted that ownership of a copyright certificate of registration constitutes *prima facie* evidence that "the copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004).

Plaintiff's Registrations thus satisfy the "not particularly stringent" originality requirement because Plaintiff independently created the Copyrighted Works and used at least a "minimal level of creativity" to do so. *See Feist Publ'ns, Inc.*, 499 U.S. at 358. The Copyrighted Works also meet the 17 U.S.C. §102(a) work of authorship requirement because they are pictorial works. *See* 17 U.S.C. §102(a)(5). Because the Copyrighted Works consist of pictorial works that are physically embodied and can be perceived, the Copyrighted Works are sufficiently "fixed in a tangible medium of expression." *See* 17 U.S.C. §101. Moreover, Plaintiff's registration certificates establish that the U.S. Copyright Office has attested to the validity of the Registrations, the facts stated in the registration certificates, and that Plaintiff owns the Registrations. Plaintiff thus meets the requirements of the first copyright infringement prong by establishing its ownership of valid copyright registrations.

### ii.    Plaintiff has alleged that the Defaulting Defendants copied the original constituent elements of Plaintiff's Copyrighted Works.

A plaintiff must make two showings to prove actionable copyright infringement under the second prong: (1) that the defendant actually used the copyrighted material to create the allegedly infringing work and (2) that the allegedly infringing work is "substantially similar" to protectable elements of plaintiff's work. *Gen. Universal Sys.*, 379 F.3d at 141–42. A plaintiff can prove actual copying by direct or circumstantial evidence. *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007). When bringing a circumstantial case of actual copying, "a plaintiff must prove that (1) the

defendant had access to the copyrighted work before creation of the infringing work and (2) the works contain similarities that are probative of copying." *Id*. "The combined existence of access to the copyrighted work and similarities between the two works establishes the assumption as a matter of law that copying in fact occurred." *Id.* A plaintiff establishes access by proving that the defendant "had a reasonable opportunity to view the copyrighted work" before creating the allegedly infringing work. *Id.* at 153. Once access is established, the plaintiff must show that the works, "when compared as a whole, are adequately similar to establish appropriation." *Gen. Universal Sys.*, 379 F.3d at 141.

Plaintiff has alleged that the Defaulting Defendants directly copied the Copyrighted Works. Circumstantial evidence presented by Plaintiff in the Evidence of Infringement shows that the Copyrighted Works and the images used in the Defaulting Defendants are identical or nearly so. The Court finds that it is unlikely that the Defaulting Defendants would have been able to reproduce such identical images but for their having access to the Copyrighted Works. Circumstantial evidence, therefore, shows that the Defaulting Defendants copied Copyrighted Works to create the images that the Defaulting Defendants copied the constituent elements of the Copyrighted Works that are original to Plaintiff.

The Defaulting Defendants' copying and public display of Copyrighted Works violate Plaintiff's exclusive rights pursuant to 17 U.S.C. §501. Plaintiff has no adequate remedy at law and, if the Defaulting Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to his business' goodwill, reputation, and sales. These well-pleaded allegations in Plaintiff's Original Complaint establish that the Defaulting Defendants' acts constitute copyright infringement in violation of 17 U.S.C. §§101 *et seq*., and because the Defaulting Defendants have failed to respond in this matter, the Court must accept the allegations

contained in the Complaint as true. Fed. R. Civ. P. 8(b)(6). Accordingly, judgment is entered against each of the Defaulting Defendants with respect to Plaintiff's well-pleaded allegations of copyright infringement in violation of 17 U.S.C. §§101 *et seq*.

### B.     Trademark Infringement (applicable to Def. ##29, 31, 32, 35, 38, and 54)

Title 15 U.S.C. §1114 provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." In order to prevail on its trademark-infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate (1) that it possesses a valid mark and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two. *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012) (citing *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998)).

Whether a defendant's use of a plaintiff's trademark created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under a state common law action. *See*, *e.g.*, *Planetary Motion. Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n.4 (11th Cir. 2001) ("Courts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition."). Additionally, the liability analysis for a state's common law trademark infringement claim is the same as the analysis of liability for trademark infringement under Section 32(a) of the Lanham Act. *Viacom International v. IJR Capital Investments, L.L.C.*, 891 F.3d 178, 185 (5th Cir. 2018).

As stated above, the Court finds that Plaintiff owns a presumptively valid trademark which is registered with the USPTO. (Dkt. 1-1 (registrations)). In addition, the "mark" used by the

Defaulting Defendants, "HAMIEW", is identical in every respect to the Plaintiff's registered Trademark, "HAMIEW". Plaintiff has alleged that The Defaulting Defendants simply copied the Plaintiff's Trademark and accompanying artwork and incorporated it into their advertisements for counterfeit dietary calendars or, perhaps worse, the Defaulting Defendants copied the Plaintiff's Dietary Guides "whole cloth", and simply "forgot" to airbrush out the  goods Plaintiff's Trademark. In either instance, the Court finds that Plaintiff has satisfied the two elements of trademark infringement.

### III.    PLAINTIFF IS ENTITLED TO MONETARY AND INJUNCTIVE RELIEF.

#### A.    Plaintiff has Elected to Recover Statutory Damages.

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. §504(c), a "copyright owner may elect, at any time before final judgment is rendered, to recover. . . an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually. . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. §504(c)(1). In addition, in a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. §1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. §1117(c)(1). Plaintiff has elected to request statutory in the upper range of both copyright and trademark infringement, reducing the need to prove willfulness.

The Fifth Circuit has recognized that district courts have wide latitude in deciding whether to require an evidentiary hearing before entering default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citing Fed. R. Civ. P. 55(b)(2)). Where "the amount claimed is a liquidated

sum or one capable of mathematical calculation[,]" an evidentiary hearing is not required. *James*, 6 F.3d at 310. "[S]tatutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct." *Mouse On Tha Track LLC v. Parg Mgmt. LLC*, No. 3:18-CV-2980-S-BH, 2019 WL 6970946, at *7 (N.D. Tex. Nov. 13, 2019).

The only guidance provided by the statute on how to determine a damage award within the statutory range is "as the court considers just." 17 U.S.C. §504(c)(1). A district court "has virtually unfettered discretion in deciding the quantum of damages to award in a copyright infringement case" as long as such award is "[b]etween the statutory maximum and minimum." *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012); *see also Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 560 (N.D. Tex. 1997), *aff'd*, 168 F.3d 486 (5th Cir. 1999) (citing *F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 231 (1952); *Broadcast Music, Inc. v. Star Amusements, Inc.,* 44 F.3d 485, 487–89 (7th Cir.1995) (holding that the standard of review for an award of statutory damages is even more deferential than an abuse of discretion standard).

Plaintiff is granted statutory damages pursuant to 17 U.S.C. §504(c)(2) against each Defaulting Defendant in the amount of $30,000 for all of the copyright Registrations infringed (rather than $30,000 for each copyright Registration infringed), and an amount of $200,000 against each Defaulting Defendant that used the Trademark (rather than $200,000 for each use).

An award at the upper end of statutory damages for "non-willful" infringement is appropriate in this Case because the infringement is clear and obvious from the Evidence of Infringement provided to the Court and the Defaulting Defendants have not contested the request. Defaulting Defendants have not appeared, have chosen not to participate in the litigation, or provide records that would help in assessing potential damages. Therefore, an award of statutory

damages at the high end of the range of statutory damages is justified in this Case.

> **B.     Plaintiff is Entitled to Recover its Costs and Attorneys' Fees.**

The Copyright Act also provides for the recovery of costs and attorneys' fees:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. §505. The Fifth Circuit recognizes that "[A]ttorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 326 (5th Cir. 2022) (referencing *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008)) (emphasis in original).

The Defaulting Defendants' infringement of Plaintiff's IP warrants an award of full attorneys' fees and costs to Plaintiff—especially because the Defaulting Defendants directly copied the Plaintiff's IP without authorization and used the Plaintiff's IP to market, sell, and generate revenue from counterfeit products intended to help individuals whose lives are already made difficult via various dietary restrictions that the Plaintiff's products were intended to ease. Plaintiff is awarded its full costs and attorney's fees from the Defaulting Defendants pursuant to 17 U.S.C. §505, and shall file with this Court a bill of costs and full accounting of attorneys' fees incurred to-date.

> **C.     Plaintiff is Entitled to Permanent Injunctive Relief.**

In addition to the foregoing relief, Plaintiff requests entry of a permanent injunction enjoining the Defaulting Defendants from continuing their infringing use of the Plaintiff's IP. "To establish entitlement to permanent injunctive relief in copyright infringement cases, the party seeking the injunction must demonstrate (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) the injunction

will not disserve the public interest. *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-CV-269-H, 2021 WL 5883136, at *24 (N.D. Tex. Dec. 10, 2021) (internal quotations omitted). All four factors weigh in favor of granting a permanent injunction against the Defaulting Defendants.

This Court finds that Plaintiff has "prevailed on the merits", establishing the first element. *See United States v. Shipco General*, 814 F.2d 1011, 1014 (5th Cir. 1987) (holding that a default judgment is a judgment on the merits conclusively establishing a defendant's liability).

Plaintiff's allegations establish that the Defaulting Defendants copied Plaintiff's IP without authorization. Plaintiff alleged that the Defaulting Defendants' unauthorized and infringing acts have already caused immeasurable damage to Plaintiff and its brand, and the nature of the Defaulting Defendants' infringement—copying Plaintiff's IP and selling products using aliases and foreign accounts—suggests that, absent an injunction, the Defaulting Defendants will remain free to continue doing so under further aliases. Without an enforceable injunction from this Court, Plaintiff would be forced to file further, identical infringement actions in an effort to defend its Registrations. The Court, therefore, finds that there is thus no adequate remedy at law, and the second factor also weighs in Plaintiff's favor.

Plaintiff has also alleged that the Defaulting Defendants suffer no harm from a permanent injunction—"they are merely stopped from doing something they cannot lawfully do"—so the third element is satisfied, as well. *F.M.D. Holdings*, 2021 WL 5883136 at *24. Plaintiff argues that Plaintiff is entitled to protect the integrity of its intellectual property, and Plaintiff continues to suffer hardship as long as the Defaulting Defendants are infringing its Registrations; the only hardship the Defaulting Defendants would face would be to simply cease using Plaintiff's IP. The Court agrees.

The public interest factor also weighs in favor of an injunction because the public interest

2

and the Copyright Act would be undermined if the Defaulting Defendants' improper conduct is allowed to continue. Permanently enjoining the Defaulting Defendants will therefore *advance* the public interest by protecting and enforcing copyright registrants' intellectual property while maintaining the integrity of the Copyright Act. *See F.M.D. Holdings*, 2021 WL 5883136 at *24 ("given the egregious nature of the defendants' infringement and the need for free and *fair* competition, a permanent injunction is abundantly in the public interest" (emphasis in original)).

Notwithstanding the above test, the Copyright Act also provides that courts may grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a). A copyright holder therefore possesses "the right to exclude others from using his property." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006). A permanent injunction is thus also appropriate under the Copyright Act because only a permanent injunction will effectively restrain the Defaulting Defendants from further unlawful use of the Plaintiff's IP.

This Court shall issue a separate order permanently enjoining the Defaulting Defendants from infringing Plaintiff's Registrations by using the Copyrighted Works and/or the Trademark.

### CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment is **GRANTED** against those Defaulting Defendants listed in the attached Revised Schedule A. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, Final Default Judgment will be entered by separate order.

| Def. # | Store | © | TM | Contact | Damages |
|---|---|---|---|---|---|
| **REVISED SCHEDULE A** | | | | | |
| **Amazon** | | | | | |
| 9 | iovves LLC | X | | ███████████ | $30,000 |
| 11 | Li Yongchang | X | | ███████████████ | $30,000 |
| **eBay** | | | | | |
| 23 | Urban Oak Market | X | | ██████████ | $30,000 |
| 25 | Anne | X | | █████████ | $30,000 |
| 27 | Bravur Marketplace | X | | ██████████ | $30,000 |
| 29 | shippedbysuzie | X | X | ████████████ | $230,000 |
| 31 | WestCoastHeaven | X | X | █████████████ | $230,000 |
| 32 | YoshiroStore | X | X | ████████████ | $230,000 |
| **TikTok** | | | | | |
| 33 | Chiqian Shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com ██████████████ | $30,000 |
| 34 | daalang shop | X | | e-commerce.ipnotice@bytedance.com; directly by internal messaging system | $30,000 |
| 35 | Fenpy Shop | X | X | e-commerce.ipnotice@bytedance.com; directly by internal messaging system | $230,000 |
| 36 | Furry Tails | X | | Counsel: Basic Yang, ycf19930923@gmail.com ████████████ | $30,000 |
| 38 | Healthy Store | X | X | e-commerce.ipnotice@bytedance.com; directly by internal messaging system | $230,000 |
| 39 | jingyingkeji shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com ████████████ | $30,000 |
| 40 | Kanngsheng Shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com ██████████████ | $30,000 |
| 41 | Luminousland | X | | Henry Chow, Lawyerchow98@outlook.com | $30,000 |
| 42 | Xiinfu Shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com ██████████████ | $30,000 |
| 43 | YOZY STORE | X | | Basic Yang, ycf19930923@gmail.com ████████████ | $30,000 |
| **Walmart** | | | | | |
| 54 | tianli | X | X | ██████████ | $230,000 |