# EXHIBIT B

**Proposed Final Default Judgment**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| THI NHO DANG (d/b/a "HAMIEW"),<br><br>       Plaintiff,<br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>       Defendants. | Civil Action No. 4:26-cv-00405-MJT<br><br>Hon. Michael J. Truncale |

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court on the Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction (Dkt. #58, the "Motion"). The Court granted the Motion in a separate Order. Pursuant to Federal Rule of Civil Procedure 58(a), the Court hereby **ENTERS THIS SEPARATE FINAL JUDGMENT**.

Accordingly, it is **ORDERED** and **ADJUDGED** that Final Default Judgment is hereby entered in favor of the Plaintiff Thi Nho Dang (d/b/a "HAMIEW") (the "Plaintiff") and against the Defendant Individuals, Partnerships, or Unincorporated Associations identified on the Revised Schedule A attached hereto (collectively, the "Defaulting Defendants") as follows:

**THIS COURT HEREBY FINDS** that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly targeted their business activities toward consumers in the United States, including Texas. Specifically, the Defaulting Defendants advertised and reached out to do business with Texas residents by operating one or more commercial, interactive Infringing Webstores through which Texas residents can view images of products displaying the Plaintiff's IP and purchase corresponding counterfeit products. The

Defaulting Defendants used Plaintiff's IP on the Infringing Webstores without Plaintiff's permission or consent.

**THIS COURT FURTHER FINDS** that U.S. Copyright Registration No. VAu 1-567-917 and HAMIEW Trademark Registration No. 7596000 (the "Registrations") used to identify, advertise, and sell Plaintiff's dietary guides (the "Dietary Guides") are valid registrations owned solely by Plaintiff.

**THIS COURT FURTHER FINDS** that the Defaulting Defendants are liable for copyright infringement (17 U.S.C. §501) and, in the instances indicated on the Plaintiff's Revised Schedule A, trademark infringement (15 U.S.C. §1114).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Final Default Judgment and Permanent Injunction is **GRANTED** in its entirety, that the Defaulting Defendants are deemed in default, and that this Final Judgment is entered against the Defaulting Defendants in the amounts set forth on Revised Schedule A.

**IT IS FURTHER ORDERED** that:

1. Defaulting Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:

    a. advertising, displaying, distributing, selling, manufacturing, delivering, shipping, using, or enabling others to advertise, display, distribute, manufacture, deliver, ship, sell, or use any copies or derivative works based on Plaintiff's IP, other colorable imitations of the Plaintiff's IP, or products and photographs that otherwise infringe on Plaintiff's IP;

    b. moving, relocating, or otherwise disposing of any funds currently located

2

in Defendants' U.S. based accounts, including, without limitation, Amazon, eBay, Walmart, TikTok, PayPal, Stripe, Payoneer, WorldFirst, and Western Union, and any other U.S. based accounts maintained on behalf of the Defaulting Defendants that the Plaintiff may discover;

c.    removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defaulting Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of Plaintiff's IP; and

d.    engaging in any other activity that infringes on Plaintiff's rights in any manner.

2.    All of Plaintiff's IP in the Defaulting Defendants' reasonable control be deleted or destroyed pursuant to 17 U.S.C. § 503(b).

3.    Defaulting Defendants, within ten (10) days after service of this Order, file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner in which the Defaulting Defendants have complied with any and all injunctive relief ordered by this Court.

4.    Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, e.g., Amazon, eBay, TikTok, Walmart, and PayPal, will within three (3) business days of receipt of this Order:

a.    Take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts through which the Defaulting Defendants, in the past, currently, or in the future, engage in the sale of products using the Plaintiff's IP, including, but not limited to, any accounts associated with the Defaulting

Defendants listed on the attached Revised Schedule A; and

      b.     take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts linked to the Defaulting Defendants, linked to any email addresses used by the Defaulting Defendants, or linked to any of the Infringing Webstores.

5.     Plaintiff is awarded its full costs and attorney's fees against the Defaulting Defendants pursuant to 17 U.S.C. §505, and shall file with this Court a bill of costs and full accounting of attorneys' fees incurred to-date.

6.     Pursuant to 17 U.S.C. §504(c)(2), Plaintiff is also awarded statutory damages from each of the Defaulting Defendants in the amount of Thirty Thousand Dollars (U.S.) and No Cents ($30,000.00), for copying, using, displaying, and selling products using the Plaintiff's Copyrighted Works on the Infringing Webstores.

7.     Pursuant to 15 U.S.C. §1117(c), Plaintiff is also awarded statutory damages from each of the Defaulting Defendants indicated on Revised Schedule A in the amount of Two Hundred Thousand (U.S.) and No Cents ($200,000.00), for copying, using, displaying, and selling products using the Plaintiff's Trademark on the Infringing Webstores.

8.     As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of costs, attorney's fees, and statutory damages against it:

      a.     Amazon, eBay, Walmart, and TikTok (collectively the "Marketplaces") and PayPal, Payoneer, Stripe, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union, or other bank accounts or payment processors used by the Defaulting Defendants (collectively the "Payment Processors") will, within 2 business days of receipt of this Order, permanently restrain and enjoin any accounts connected to

the Defaulting Defendants and the Defaulting Defendants' Infringing Webstores identified in the Revised Schedule A from transferring or disposing of any money or other of the Defaulting Defendants' assets.

b.      All monies in Defaulting Defendants' financial accounts as of the date of this Order, including monies held by the Platforms and the Payment Processors, are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from the Defaulting Defendants' Platform or Payment Processor accounts within 10 business days of receipt of this Order.

c.      Plaintiff will have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors will within 2 business days:

i.      Locate all accounts and funds connected to the Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in the attached Revised Schedule A, and any email addresses provided for the Defaulting Defendants by any third parties;

ii.      Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of the Defaulting Defendants' assets; and

iii.      Release all monies restrained in the Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

9.      Until Plaintiff has recovered full payment of monies owed to it by any Defaulting

2

Defendant, Plaintiff will have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers will within 2 business days:

a. Locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in the attached Revised Schedule A, and any email addresses provided for the Defaulting Defendants by any third parties;

b. Restrain and enjoin such accounts or funds from receiving, transferring, or disposing of any money or other of the Defaulting Defendants' assets; and

c. Release all monies restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

10. In the event that Plaintiff identifies any additional assets of the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by email at the email addresses identified in the attached Revised Schedule A, and any email addresses provided for the Defaulting Defendants by any third parties.

11. The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

12. The Clerk shall **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

IT IS SO ORDERED.

2

| REVISED SCHEDULE A | | | | | |
|---|---|---|---|---|---|
| **Def. #** | **Store** | **©** | **TM** | **Contact** | **Damages** |
| **Amazon** | | | | | |
| 9 | iovves LLC | X | | ███████████████ | $30,000 |
| 11 | Li Yongchang | X | | ███████████████████ | $30,000 |
| **eBay** | | | | | |
| 23 | Urban Oak Market | X | | █████████████ | $30,000 |
| 25 | Anne | X | | ██████████ | $30,000 |
| 27 | Bravur Marketplace | X | | █████████████ | $30,000 |
| 29 | shippedbysuzie | X | X | ██████████████ | $230,000 |
| 31 | WestCoastHeaven | X | X | ██████████████ | $230,000 |
| 32 | YoshiroStore | X | X | █████████████ | $230,000 |
| **TikTok** | | | | | |
| 33 | Chiqian Shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com ██████████████ | $30,000 |
| 34 | daalang shop | X | | e-commerce.ipnotice@bytedance.com; directly by internal messaging system | $30,000 |
| 35 | Fenpy Shop | X | X | e-commerce.ipnotice@bytedance.com; directly by internal messaging system | $230,000 |
| 36 | Furry Tails | X | | Counsel: Basic Yang, ycf19930923@gmail.com ████████████ | $30,000 |
| 38 | Healthy Store | X | X | e-commerce.ipnotice@bytedance.com; directly by internal messaging system | $230,000 |
| 39 | jingyingkeji shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com ████████████ | $30,000 |
| 40 | Kanngsheng Shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com █████████████ | $30,000 |
| 41 | Luminousland | X | | Henry Chow, Lawyerchow98@outlook.com | $30,000 |
| 42 | Xiinfu Shop | X | | Counsel: Basic Yang, ycf19930923@gmail.com █████████████ | $30,000 |
| 43 | YOZY STORE | X | | Basic Yang, ycf19930923@gmail.com ████████████ | $30,000 |
| **Walmart** | | | | | |
| 54 | tianli | X | X | █████████████ | $230,000 |