**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| THI NHO DANG (d/b/a "HAMIEW"), Plaintiff, | |
| v. | Civil Action No. 4:26-cv-00405-MJT |
| HATONE, INC., | Hon. Michael J. Truncale |
| Defendant. | |

**MOTION FOR JUDGMENT ON THE PLEADINGS**
**AGAINST HATONE, INC. (DEF. #37)**

Plaintiff Thi Nho Dang (d/b/a "HAMIEW") (the "Plaintiff") respectfully files this Motion for Judgment on the Pleadings against the lone remaining, responsive Defendant HATONE, INC. (Def. #37) ("HATONE"), requesting a judgment against HATONE for infringing Plaintiff's trademark and copyrighted works in the conservatively estimated statutory amount of $230,000.[1] In further support thereof, Plaintiff states as follows:

**INTRODUCTION**

This action arises from HATONE's unauthorized use of Plaintiff's federally protected "HAMIEW" trademark and copyrighted designs in connection with the online sale of infringing products directed to consumers in the United States, including Texas. The pleadings, taken together, establish that HATONE has admitted the material facts giving rise to liability and has pleaded no affirmative defense that, even if accepted as true, would defeat Plaintiff's claims. Judgment on the pleadings in the statutory amount of at least $230,000 is therefore appropriate.

---

[1] For all intents and purposes, Plaintiff's "Schedule A" case, which originally named fifty-seven (57) Defendants, is resolved. Plaintiff filed a motion for default judgment [Dkt. #58] against the Defendants that failed to respond to the Complaint, and a motion to sever its claims against HATONE to a separate case [Dkt. #59] so that the Court may resolve the motion for default judgment and close the "main case". Neither motion has been addressed by this Court.

## RELEVANT BACKGROUND

1. On April 20, 2026, Plaintiff filed the Complaint against HATONE, among others, asserting infringement of the HAMIEW trademark (the "Mark") and copyrighted images of the Plaintiff's dietary guides that were originally created by Plaintiff. *See* Dkt. #1, #8-1 (Evidence of Infringement, the relevant portion of which is attached as Exhibit A).

2. Exhibit A clearly shows the Defendant's use of the Mark and copyrighted images to sell Counterfeit Guides, as defined in the Complaint.

3. Defendant HATONE agreed to accept service of the summons and Complaint filed in this Case. *See* HATONE, Inc.'s Answer to Complaint, Affirmative Defenses, and Counterclaims [Dkt. #63] (the "Answer").

4. HATONE's Answer does not present any legal basis for denying judgment against it.

5. "HATONE admits that U.S. Trademark Registration No. 7,596,000 for the HAMIEW mark issued on December 10, 2024, and that the USPTO record presently identifies [Plaintiff] Thi Nho Dang as the owner of the registration." Answer, at ¶15.

6. "HATONE admits that it is not the developer of Plaintiff's Dietary Guides and has not entered into a license agreement with Plaintiff." *Id.*, at ¶22.

7. HATONE filed an appearance (Dkt. #50), and the Clerk's Entry of Default was vacated as to HATONE by joint stipulation (Dkt. #53–54).

8. The pleadings are now closed as between Plaintiff and HATONE, and this motion is timely under Rule 12(c) of the Federal Rules of Civil Procedure.

9. Plaintiff attempted to resolve this matter amicable through repeated emails and calls with Defendant's counsel.

10. This Motion is not submitted for any impermissible purpose; it is submitted to allow the Parties to resolve this dispute in an efficient manner, and to allow the Court to clear its docket.

**LEGAL STANDARD**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Judgment on the pleadings is appropriate where, accepting all well-pleaded facts as true and viewing them in the light most favorable to the non-movant, "there is no issue of material fact and… only questions of law remain." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Court may consider the pleadings, documents attached thereto, matters of public record, and matters of which judicial notice may be taken. *Meyers v. Textron, Inc*., 540 F. App'x 408, 409 (5th Cir. 2013).

**ARGUMENT**

**A. HATONE's Answer Admits, or Fails to Deny, the Material Elements of Plaintiff's Trademark and Copyright Claims.**

The Complaint alleges that Plaintiff owns the HAMIEW trademark and registered copyright in the underlying design, and that HATONE reproduced and sold products bearing both the HAMIEW mark and Plaintiff's copyrighted design without authorization through online marketplaces reaching consumers in this District. HATONE's Answer admits Plaintiff's ownership of the Mark, does not deny use of the Mark or copyrighted design, and does not deny that its offerings entered the stream of commerce in Texas. Under Rule 8(b)(6), "[a]n allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

The Court has already found the record sufficient to support entry of a Preliminary

Injunction [Dkt. #40], a determination that required Plaintiff to demonstrate a likelihood of success on the merits of the infringement claims. That finding, coupled with HATONE's admissions in the Answer, leaves no genuine issue of material fact as to liability.

### B. HATONE's Asserted Defenses Fail as a Matter of Law.

To the extent HATONE's Answer preserves the defense of insufficient service of process, that defense has been waived and is otherwise foreclosed by the record. HATONE's counsel expressly "accept[ed] service on behalf of our client by email" on June 25, 2026, and the parties memorialized that acceptance in filings before this Court. *See* Dkt. #61-1 (Consent to Service of Process). Personal jurisdiction is likewise established. HATONE placed the accused products into the stream of commerce through online marketplaces from which they could be, and were, purchased by consumers in Texas – conduct sufficient to support the exercise of specific personal jurisdiction in this District. HATONE's remaining affirmative defenses consist of conclusory recitations unsupported by any factual allegations in the Answer and are therefore insufficient as a matter of law to defeat judgment on the pleadings.

### C. Plaintiff is Entitled to Judgment as a Matter of Law on Liability and to Proceed to a Determination of Statutory Damages and Permanent Injunctive Relief.

Because the pleadings establish HATONE's liability for trademark infringement under the Lanham Act, 15 U.S.C. §1114, and copyright infringement under the Copyright Act, 17 U.S.C. §501, Plaintiff is entitled to judgment on the pleadings as to liability. Plaintiff further requests that the Court schedule a prove-up on statutory damages under 15 U.S.C. § 1117(c) (up to $200,000 per counterfeit mark per type of goods) and 17 U.S.C. § 504(c) (up to $30,000 per work infringed, or up to $150,000 if willful), and enter a Permanent Injunction consistent with the existing Preliminary Injunction [Dkt. #40].

## CONCLUSION

For the foregoing reasons, Plaintiff Thi Nho Dang (d/b/a "HAMIEW") respectfully requests that the Court (i) grant this Motion for Judgment on the Pleadings; (ii) enter judgment in favor of Plaintiff and against Defendant HATONE, Inc. as to liability on all counts; (iii) set a prove-up on statutory damages, attorneys' fees, and costs; (iv) enter a Permanent Injunction against HATONE; and (v) grant such other and further relief as the Court deems just and proper.

Dated: September 14, 2026

Respectfully submitted,

By: /s/ Patrick M. Jones
One of the attorneys
for the Plaintiff

**PMJ PLLC**
Patrick M. Jones (admitted Pro Hac Vice)
1910 Pacific Ave.,
Suite 2000-1066
Dallas, TX 75201

and

The Department
1 North 1st Street
Phoenix, AZ 85339
Tel: (312) 404-3225
Email: pmj@pmjpllc.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h)–(i), on September 14, 2026, counsel for Plaintiff sent an email to counsel for HATONE regarding the relief requested herein. Plaintiff has not received a response and does not expect HATONE to take a position based on past experience with Defendant. If HATONE provides an opposition, Plaintiff will provide the basis for HATONE's

opposition via supplemental to this pleading.

By: /s/ Patrick M. Jones

**CERTIFICATE OF SERVICE**

I certify that on [DATE], I caused a true and correct copy of the foregoing document to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: /s/ Patrick M. Jones